1  <u>PETITION FOR A WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY</u>

2  Name  BARRETO,  Rafael
        (Last)        (First)        (Initial)

3  Prisoner Number _____ V-96693

4  Institutional Address  P.O. Box 409060 Ione, CA 95640

**FILED**

APR 17 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

---

6  **UNITED STATES DISTRICT COURT**
7  **NORTHERN DISTRICT OF CALIFORNIA**

8  RAPHAEL BARRETO
   (Enter the full name of plaintiff in this action.)

   **CV 08 2008**

9
                                    )
10                vs.               )   Case No. _____
                                    )   (To be provided by the clerk of court)
11  M. MARTEL, WARDEN(A)            )
                                    )   **PETITION FOR A WRIT**
12  _____ )   **OF HABEAS CORPUS**
                                    )
13  _____ )
                                    )
14  _____ )
    (Enter the full name of respondent(s) or jailor in this action)  )

**MHP**

**(PR)**

E-filing

---

16  <u>Read Comments Carefully Before Filling In</u>

17  <u>When and Where to File</u>

18      You should file in the Northern District if you were convicted and sentenced in one of these

19  counties: Alameda, Contra Costa, Del Norte, Humboldt, Lake, Marin, Mendocino, Monterey, Napa,

20  San Benito, Santa Clara, Santa Cruz, San Francisco, San Mateo and Sonoma. You should also file in

21  this district if you are challenging the manner in which your sentence is being executed, such as loss of

22  good time credits, and you are confined in one of these counties. Habeas L.R. 2254-3(a).

23      If you are challenging your conviction or sentence and you were <u>not</u> convicted and sentenced in

24  one of the above-named fifteen counties, your petition will likely be transferred to the United States

25  District Court for the district in which the state court that convicted and sentenced you is located. If

26  you are challenging the execution of your sentence and you are not in prison in one of these counties,

27  your petition will likely be transferred to the district court for the district that includes the institution

28  where you are confined. Habeas L.R. 2254-3(b).

PET. FOR WRIT OF HAB. CORPUS      - 1 -

1  <u>Who to Name as Respondent</u>

2      You must name the person in whose actual custody you are. This usually means the Warden or

3  jailor. Do not name the State of California, a city, a county or the superior court of the county in which

4  you are imprisoned or by whom you were convicted and sentenced. These are not proper

5  respondents.

6      If you are not presently in custody pursuant to the state judgment against which you seek relief

7  but may be subject to such custody in the future (e.g., detainers), you must name the person in whose

8  custody you are now <u>and</u> the Attorney General of the state in which the judgment you seek to attack

9  was entered.

10  <u>A. INFORMATION ABOUT YOUR CONVICTION AND SENTENCE</u>

11      1. What sentence are you challenging in this petition?

12        (a)  Name and location of court that imposed sentence (for example; Alameda

13              County Superior Court, Oakland):

14        <u>Santa Cruz County Superior Court</u>    <u>701 Ocean Street Santa Cruz, CA</u>

15              Court                     Location

16        (b)  Case number, if known ___ <u>F09489</u>

17        (c)  Date and terms of sentence <u>9-21-05 44 years plus 15 to Life</u>

18        (d)  Are you now in custody serving this term? (Custody means being in jail, on

19              parole or probation, etc.)    Yes <u>XX</u>   No _____

20              Where?

21              Name of Institution: <u>Mule Creek State Prison</u>

22              Address: <u>P.O. Box 409060  Ione, CA</u>

23      2. For what crime were you given this sentence? (If your petition challenges a sentence for

24  more than one crime, list each crime separately using Penal Code numbers if known. If you are

25  challenging more than one sentence, you should file a different petition for each sentence.)

26    <u>4 counts PC §288(a); 6 counts §288(b)(1);1 count §269(a)(4).</u>

27  _____

28  _____

PET. FOR WRIT OF HAB. CORPUS    - 2 -

1    3. Did you have any of the following?

2        Arraignment:                          Yes __XX__    No _____

3        Preliminary Hearing:                  Yes __XX__    No _____

4        Motion to Suppress:                   Yes __XX__    No _____

5    4. How did you plead?

6        Guilty _____    Not Guilty __XX__    Nolo Contendere _____

7        Any other plea (specify) _____

8    5. If you went to trial, what kind of trial did you have?

9        Jury __XX__    Judge alone_____    Judge alone on a transcript _____

10   6. Did you testify at your trial?                Yes _____    No __XX__

11   7. Did you have an attorney at the following proceedings:

12       (a)    Arraignment                    Yes __XX__    No _____

13       (b)    Preliminary hearing            Yes __XX__    No _____

14       (c)    Time of plea                   Yes __XX__    No _____

15       (d)    Trial                          Yes __XX__    No _____

16       (e)    Sentencing                     Yes __XX__    No _____

17       (f)    Appeal                         Yes __XX__    No _____

18       (g)    Other post-conviction proceeding    Yes _____    No __XX__

19   8. Did you appeal your conviction?               Yes __XX__    No _____

20       (a)    If you did, to what court(s) did you appeal?

21              Court of Appeal                 Yes __XX__    No _____

22              Year: __2006__    Result: DENIED (See Appendix A)

23              Supreme Court of California     Yes __XX__    No _____

24              Year: __2007__    Result: DENIED (See Appendix C)

25              Any other court                 Yes _____    No __XX__

26              Year: _____    Result: _____

27

28       (b)    If you appealed, were the grounds the same as those that you are raising in this

1               petition?                         **Yes** __XX__   **No**_____

2           (c)    Was there an opinion?            **Yes** __XX__     **No**_____

3           (d)    Did you seek permission to file a late appeal under Rule 31(a)?

4                                                   **Yes**_____     **No**_____

5                   If you did, give the name of the court and the result:

6

7

8   9. Other than appeals, have you previously filed any petitions, applications or motions with respect to

9   this conviction in any court, state or federal?         **Yes**_____    **No** __XX__

10         [Note: If you previously filed a petition for a writ of habeas corpus in federal court that

11   challenged the same conviction you are challenging now and if that petition was denied or dismissed

12   with prejudice, you must first file a motion in the United States Court of Appeals for the Ninth Circuit

13   for an order authorizing the district court to consider this petition. You may not file a second or

14   subsequent federal habeas petition without first obtaining such an order from the Ninth Circuit. 28

15   U.S.C. §§ 2244(b).]

16         (a)    If you sought relief in any proceeding other than an appeal, answer the following

17               questions for each proceeding. Attach extra paper if you need more space.

18            I.    Name of Court: _____

19                   Type of Proceeding: _____

20                   Grounds raised (Be brief but specific):

21                     a._____

22                     b._____

23                     c._____

24                     d._____

25                   Result: _____Date of Result:_____

26            II.    Name of Court: _____

27                   Type of Proceeding: _____

28                   Grounds raised (Be brief but specific):

a._____

b._____

c._____

d._____

Result: _____ Date of Result:_____

III.    Name of Court: _____

Type of Proceeding: _____

Grounds raised (Be brief but specific):

a._____

b._____

c._____

d._____

Result: _____ Date of Result:_____

IV.    Name of Court: _____

Type of Proceeding: _____

Grounds raised (Be brief but specific):

a._____

b._____

c._____

d._____

Result: _____ Date of Result:_____

(b)    Is any petition, appeal or other post-conviction proceeding now pending in any court?

Yes _____    No XX

Name and location of court: _____

B. GROUNDS FOR RELIEF

State briefly every reason that you believe you are being confined unlawfully. Give facts to support each claim. For example, what legal right or privilege were you denied? What happened? Who made the error? Avoid legal arguments with numerous case citations. Attach extra paper if you

PET. FOR WRIT OF HAB. CORPUS        - 5 -

1  need more space. Answer the same questions for each claim.

2  [Note: You must present ALL your claims in your first federal habeas petition. Subsequent

3  petitions may be dismissed without review on the merits. 28 U.S.C. §§ 2244(b); McClesskey v. Zant,

4  499 U.S. 467, 111 S. Ct. 1454, 113 L. Ed. 2d 517 (1991).]

5  Claim One: Petitioner's Right to due Process of Law, Equal

6  Protection of the Laws and to a Fair Trial were Violated

7  Supporting Facts:    See attached Page 1

8  

9  

10  

11  Claim Two: Petitioner's Sixth Amendment Right Under Cunningham

12  and Blakely were Violated

13  Supporting Facts:    See attached Page 14

14  

15  

16  

17  Claim Three: Sentence on Counts 2-5 and 9-11 Violates Due

18  Process

19  Supporting Facts:    See attached Page 15

20  

21  

22  

23  SEE ATTACHED PAGE 6A
If any of these grounds was not previously presented to any other court, state briefly which

24  grounds were not presented and why:

25  

26  

27  

28  

PET. FOR WRIT OF HAB. CORPUS        - 6 -

## PAGE 6A

Claim Four: Failure to Exercise Discretion Violates
Due Process

Supporting Facts:   See attached Page 16

1    List, by name and citation only, any cases that you think are close factually to yours so that they

2    are an example of the error you believe occurred in your case. Do not discuss the holding or reasoning

3    of these cases:

4    _____ See attached pages 1-17 _____

5    _____

6    _____

7    Do you have an attorney for this petition?                    Yes_____    No_ XX

8    If you do, give the name and address of your attorney:

9    _____

10    WHEREFORE, petitioner prays that the Court grant petitioner relief to which s/he may be entitled in

11    this proceeding. I verify under penalty of perjury that the foregoing is true and correct.

12

13    Executed on _March 5, 2008_                    _Rafael Barreto_

14              Date                          Signature of Petitioner

15

16

17

18

19

20    (Rev. 6/02)

21

22

23

24

25

26

27

28

PET. FOR WRIT OF HAB. CORPUS          - 7 -

## STATEMENT OF THE CASE

Petitioner's direct appeal was denied on February 8, 2007. (See Appendix A.) On May 9, 2007 the California Supreme Court granted his Petition for Review. (See Appendix B.)  However, on September 12, 2007 they dismissed this review "[i]n light of" their decision in People v. Black (2007) 41 Cal.4th 799." (Black II). (Appendix C.)

## STATEMENT OF FACTS

Except as noted in the arguments below, petitioner adopts and incorporates by reference the statement of facts set forth in the Opinion of the California Court of Appeal, Sixth Appellate District. (App. A.)

## GROUNDS FOR RELIEF

### I.

### PETITIONER'S RIGHT TO DUE PROCESS OF LAW, EQUAL PROTECTION OF THE LAWS AND TO A FAIR TRIAL WERE VIOLATED

A.    By Admission of Uncharged Acts Evidence

Contrary to the conclusion of the California Court of Appeal (App. pp. 5-9), the defense did indeed concede the basic propensity-credibility issue; thus, the court's ruling admitting overkill evidence of uncharged misconduct to show propensity was prejudicial error.  The error further deprived petitioner of due process of law, equal protection of the laws, and a fair trial. (U.S. Const., amends. V, XIV.)

1.

1.    Evidence Code Section 1108 is Violative of Due
      Process, Both on its Face and as Applied in this Case

The Due Process Clause of the Fifth and Fourteenth Amendments to the United States Constitution prohibits state procedures which offend the principles of justice "so rooted in the traditions and conscience of our people as to be ranked as fundamental." (Snyder v. Massachusetts (1933) 291 U.S. 97, 105; Speiser v. Randall (1958) 357 U.S. 513, 523; United States v. Salerno (1978) 481 U.S. 739, 751; Medina v. California (1992) 507 U.S. 437, 447; Reno v. Flores (1993) 507 U.S. 292, 308.) The Due Process Clause requires proof of a criminal charge beyond a reasonable doubt. (In re Winship (1970) 397 U.S. 358, 364.) Upon these principles, the admission of prior acts to show a propensity to commit crime and to allow a jury to convict upon such evidence denies a criminal defendant his right to due process of law and to a fair trial. (U.S. Const. amends. V, XIV; McKinney v. Rees (9th Cir. 1993) 993 F.2d 1378, 1380-1385; Panzavecchia v. Wainwright (5th Cir. 1981) 658 F.2d 337, 338, 340-342; see also Spencer v. Texas (1967) 385 U.S. 554, 574-575.)

Evidence Code Section 1108, as applied here, unduly reduced the People's burden of proof, improperly permitted conviction based solely upon irrelevant and inflammatory character evidence and status, and deprived petitioner of a fair trial. (U.S. Const., amends. V, VIII, XIV.)

2.

2.    Evidence Code Section 1108 is Violative of Equal
      Protection of the Laws, Bonth on its Face and as
      Applied in this Case

The Fourteenth Amendment to the United States Constitution
guarantees to each person the equal protection of the laws.
Effective January 1, 1996, Evidence Code Section 1108 removes
from protection against character evidence persons who are
accused of certain sexual offenses who also have allegedly
committed sex offenses in the past.   This disparate treatment of
those accused of a sexual offense, but who have never been
convicted of such an offence, from all others accused of criminal
offenses violates the United States guarantee of equal protection
of the laws. (Attorney General of New York v. Soto-Lopez (1986)
476 U.S. 898, 904; San Antonio School District v. Rodriguez
(1973) 411 U.S. 1, 33-34; Shapiro v. Thompson (1969) 394 U.S.
618, 637.)

Evidence Code Section 1108 is unconstitutional under the
strict scrutiny standard or any other.   As argued above, the
admission of such evidence impinges upon a defendant's
constitutional rights to a fair trial, due process of law and the
requirement that the case be proved against him beyond a
reasonable doubt, requiring application of strict scrutiny.   The
state can not show justification for this discrimination except
for the widespread prejudice against those accused, but not
convicted, of committing sexual offenses. (Bryden and Clark,
Other Crimes Evidence in Sex Offense Cases (1994) 78 Minnesota
Law Review 529, 572-573; Wright & Graham, Federal Practice and

3.

Procedure (West Supp. 1997), §5412, p. 274.)

    3.     Even if Threshold Relevance Were Shown, Due Process
             Still Demanded Exclusion

Irrespective of the constitutionality of the statute, due process sill requires careful scrutiny of such proffers. (Frank v. County of Hudson (D.N.J. 1996) 924 F.Supp. 620, 626-627.) As it was, the testimony admitted was remote, often equivocal, and largely dissimilar to the charged acts, including disputed ones.

The purpose of the propensity provision is to help jurors resolve intimate one-on-one credibility questions by showing past propensities. These were simply non-issues where petitioner and the defense conceded sexual interest in young girls and improper touchings of the charged victim. Emotional testimony to remote, unpunished touchings (not substantial sexual conduct or force) showed petitioner, but did not prove he was a molester who had gotten away with it before; it bore no substantial probative value to proving force, digital penetration, oral copulation, or attempted intercourse. The safeguards of careful scrutiny and discretion to exclude propensity evidence are essential to preserving the constitutionality of section 1108 as applied in a given case. These safeguards failed utterly in this case.

    4.    The Errors were Prejudicial

The improperly admitted evidence and associated instructions

4.

impermissibly reduced the People's burden of proof and created a substantial risk that petitioner was convicted on the basis of his alleged past misconduct in violation of federal due process and equal protection. (McKinney v. Rees, supra, 993 F.2d, at pp. 1380-1385; see also Michelson v. United States (1948) 335 U.S. 469, 475-476.) Accordingly, the federal constitutional prejudice standard applies, requiring reversal unless the People demonstrate the error was harmless beyond a reasonable doubt. (Chapman v. California (1967) 386 U.S. 18, 24.)

This remorseful first-time offender was entitled to a fair trial on the issues that put him behind bars for life, not just on the three or four section 288(a) offenses he admitted. Exploited to the hilt by the prosecutor (e.g., 3 RT 511-512; see also 6 RT 1358-1359), this unduly prejudicial and unnecessary evidence inexorably extinguished petitioner's chances at a fair jury determination on his entire defense; hearing these witnesses, jurors would conviction him of almost anything.

B.    By Admission of Statements in Violation of Miranda

Contrary to the conclusion of the Court of Appeal (App. A, pp. 9-12), petitioner's police statements were not shown to be voluntary; at a minimum, his implied Miranda waivers were not shown to be voluntary.

Turning to the shaky implied waivers first, separate inquiries into the intelligence and voluntariness of waivers, especially implied waivers, are required. (Miranda v. Arizona (1966) 384 U.S. 436, 471-472.) The totality of circumstances,

5.

including the petitioner's experience, are considered. (Henry v. Kernan (9th Cir. 1999) 197 F.3d 1021, 1027-1028; Juan H. v. Allen (9th Cir. 2005) 408 F.3d 1262, 1270-1272; United States v. Garibay (9th Cir. 1998) 143 F.3d 534, 536.)

Petitioner may appear youthful for his age, but police knew he was veritably bursting inside and had been asking for a therapist, and they took advantage of it. This case called for more than a lurch into camouflaged booking questions with this distraught, elderly, Spanish-speaking, first-time offender. An express waiver was sorely needed. Figuratively, if not literally, petitioner needed a chance to come up for air and make a real decision whether he wanted to waive his rights; he should not have been lulled into questioning here in either interview. Comforting a distraught-to-suicidal suspect like this, telling a suspect like this you want to explain the accusations, telling a suspect like this you have to read him his rights so he can get out what he wanted to say at the jail, and then lulling him into conversation -- all this constitutes a "clever softening-up" (People v. Honeycutt (1977) 20 Cal.3d 150, 160) of a vulnerable individual, rendering any "waiver" involuntary; this led directly to an explosive admission to having a problem with little girls, followed immediately by an extended interrogation. (2 RT 237-243.)

Indeed, the statements themselves were involuntary, denying petitioner due process of law under the federal constitution. (Jackson v. Denno (1964) 378 U.S. 368, 385-386; Payne v. Arkansas

6.

(1958) 356 U.S. 560, 561.)    Petitioner incorporates the discussion above demonstrating detective Montes knowingly engaged in a cleaver, disguised, and misleading softening-up of this palpably suicidal elderly first-time offender.    Without any request for an express waiver (i.e., a real decision), Montes engaged petitioner in conversation until petitioner literally burst out the problem he so desperately needed to talk to a therapist about.    Under the totality of circumstances, petitioner's statements were first involuntary, not just presumptively so as a result of ineffective waivers. (United States v. Carter (8th Cir. 1989) 884 F.2d 368, 375 [cumulative impact of circumstances not individually sufficient to constitute coercion can require reversal].)

The error was also prejudicial.

Whether it is involuntary or obtained in violation of Miranda, a confession admitted in violation of the Constitution requires reversal of the judgment unless its erroneous admission is shown to be harmless beyond a reasonable doubt. (Arizona v. Fulminante (1991) 499 U.S. 279, 295; Chaplman v. California, supra, 386 U.S., at p. 24.)    Under this stringent standard, reversal of the judgment is required as a result of admission of either statement, especially the first one.    The charged victim's changing, years-old accounts presented live credibility questions.    Absent physical evidence, the statements were critical to the prosecution.    Reversal of the judgement is

7.

required under any standard.

C.    By the Failure to Give Fair Notice on Counts 8 and 9

Contrary to the conclusion of the Court of Appeal (App. A, pp. 12-20), the trial court erred in permitting the pretrial amendment (Count 9) and overruling the trial objection to use of new generic testimony given at trial (Count 8). The errors further prejudicially deprived petitioner of due process, a fair trial, notice of the charges, and the effective assistance of counsel in defending against the charges. (U.S. Const., amends. V, VI, XIV.)

The evidence at the preliminary hearing did not support a third lewd act during the final incident and the court erred in permitting amendment to add County 9. Argument of the new theories supporting Counts 8 and 9 at trial violated the federal constitution. It is settled that the late springing of a new factual theory supporting a count at trial may deprive a petitioner of due process, notice, and the assistance of counsel in defending against the theory. (Givens v. Housewright (9th Cir. 1986) 786 F.2d 1378, 1380; see also, Jones v. United States (1999) 526 U.S. 227, 243, fn 6; Morrison v. Estelle (9th Cir. 1992) 981 F.2d 425, 428; Gray v. Raines (9th Cir. 1981) 661 F.2d 569, 570-571 [evidence at preliminary hearing insufficient to convey notice under circumstances]; Sheppard v. Rees (9th Cir. 1989) 909 F.2d 1234.) In this case, the evidence of Counts 8 and 9, as argued at trial, was not just camouflaged at the

8.

preliminary hearing, it was completely absent; and the defense was forced to defend against changing trial testimony and last-minute changes in prosecution theories based on this testimony.

The deprivations of notice are also prejudicial. It has been held that constitutionally inadequate notice of the crimes of which a petitioner might be convicted is a structural error, requiring reversal without an examination of prejudice. (Sheppard v. Rees, supra, 909 F.2d, at pp. 1237-1238; Gray v. Raines, supra, 662 F.2d, at p. 572.) Under any prejudice standard, the defense never should have been forced to guess whether it would have to defend against brand new generic testimony and an entirely new touching offered by the victim at trial. Reversal of Counts 8 and 9 is required.

D.    By Conflicting Instructions on the Burden of Proof

In this case, the court instructed the jury regarding propensity evidence in accordance with the 2002 revision of CALJICNo. 2.50.01, coupled with CALJIC Nos. 2.50.1 - 2.50.2 (specifying preponderance standard). (ACT 14-17.) Standard reasonable doubt instructions, including reasonable doubt as applied to circumstantial evidence of intent, were also given. (CALJIC Nos. 2.02, 2.90; ACT 5-6, 21.)

Petitioner submits that CALJIC No. 2.50.01 is violative of federal due process and jury trial standards, particularly as applied here, because it conflicts with the burden of proof

9.

specified in CALJIC No. 2.01. It also, notwithstanding limiting language that conveys little more than a corpus delicti requirement jurors would apply anyway, permits an ultimate finding of guilt based upon prior conduct proven only by a preponderance of the evidence. The instruction still fails to distinguish the lesser standard of proof to establish the prior conduct from the greater standard of proof applicable to the ultimate propensity and guilt inference. Further, the instruction suggests the prior conduct is sufficient to support conviction if jurors find the conduct to be true beyond a reasonable doubt. All of this impermissibly reduced the prosecution's burden of proof and denied petitioner his right to a jury determination on all elements of the offenses beyond a reasonable doubt. (In re Whinship, supra, 397 U.S. at p. 364; U.S. Const., amends. V, VI, XIV.)

The most salient problem here is the conflict in ultimate burdens of proof. CALJIC and CALCRIM both still express concern over this conflict in burdens of proof for circumstantial evidence as supporting the ultimate inference of guilt. (Use Note, CALJIN No. 2.50.01 (April 2006); Bench Notes, CALCRIM Nos. 375, 1191.) Indeed, CALCRIM takes pains to point out that courts may want to remove the language ("and did commit") in the propensity instruction that permits jurors to infer ultimate guilt based on circumstantial propensity evidence proven only by

10.

a preponderance. (Bench Notes, CALCRIM No. 1191.) Defense counsel unsuccessfully objected to this precise language here. (5 RT 1079; 6 RT 1302.)

Reversal is required because it cannot be determined whether the general verdict rested upon this unconstitutional route to conviction. (Francis v. Franklin (1985) 471 U.S. 307, 312 [conflicting instructions]; see also, Garceau v. Woodford (9th Cir. 2001) 275 F.3d 769, 775 [explicit bad acts propensity instruction in California trial violated due process].)

E.    By the Failure to Give Any Unanimity Instruction

Contrary to the conclusion of the Court of Appeal (App. A, pp. 23-25), the failure to give any unanimity instruction with regard to Counts 6-8 violated petitioner's federal constitutional right to due process. (U.S. Const., amend. XIV.)

In cases where jurors could disagree on the acts constituting a charge, a unanimity instruction is required; it not only ensures that the jury will agree unanimously as to the act constituting the crime, it also guarantees that they will do so beyond a reasonable doubt. (In re Winship, supra, 397 U.S., at pp. 363-364; accord, CALJIC No. 4.71.5; Bench Notes, CALCRIM Nos. 3500-3501.)

Despite a rhetorical defense concession (App. A, p. 25), the evidence here posed a real risk jurors would disagree as to whether Counts 6-8 were based on the specific early morning

11.

bedroom incidents, or the new generic testimony.    The error is particularly acute as to the third lewd act charge (Count 8), since the trial testimony was uncertain whether there were even three incidents on the bed. As to this Count, there was a strong likelihood of a patchwork verdict, some jurors relying on the generic testimony, and others preferring to rely on the more specific early morning incidents despite the uncertainty as to their number.    Recognizing that some courts apply _Chapman_ error analysis to such claims, petitioner asserts that the failure to issue an adequate unanimity instruction when it was required is prejudicial per se because the factual basis of the convictions cannot be determined. (_Francis v. Franklin_, _supra_, 471 U.S., at p. 322.)  In any event, under any prejudice standard there is an unacceptable probability jurors disagreed as to the particular acts supporting the counts, for even the prosecutor's arguments on these acts were all over the board.    Reversal of Counts 6-8, or at least Count 8, is required.

> F.    By the Reduction in the People's Burden of Proof

The court instructed the jury with CALJIC No. 2.21.2 which provides in pertinent part that: "You may reject the whole testimony of a witness who [you find has] willfully has [sic] testified falsely to a material point unless, from all the evidence, you believe the probability of truth favors his testimony in other particulars." (ACT 11 [emphasis added].) Despite the decision not to cross-examine the victim, her

12.

credibility as to the number and nature of touchings (e.g., the withdrawn rape count) was very much at issue here. (E.g., 6 RT 1357, 1372.)

Petitioner submits the unnecessary probability reference in this instruction constitutes federal constitutional error. As applied here, the instruction permitted jurors to resolve dispositive credibility questions as to impeached prosecution witnesses by a preponderance standard. Dispositive credibility questions must be resolved beyond a reasonable doubt, not under a probability standard more suited to foundational evidentiary issues. CALJIC No. 2.21.2 permits jurors to apply a probability standard to the dispositive testimony in a case. (McCormick, Evidence (4th ed. 1992), ch. 36, pp. 437-439 & fn. 13 [term "probability" implies a standard of preponderance of the evidence].)   This probability standard is plainly erroneous, especially when it is applied to impeached dispositive prosecution testimony in a stark credibility case.

Petitioner submits the error violated due process in this case, because the error operated to lessen the prosecution's burden of proof below the reasonable doubt standard with respect to pivotal prosecution testimony. (In re Winship, supra, 397 U.S., pp. 358, 364; U.S. Const., amends. V, XIV.)   Thus, the standard of prejudice governing errors of constitutional dimension should apply.   Moreover, reversal per se is required because, when conflicting instructions are given regarding ultimate burdens of proof, a reviewing court cannot assume the

13.

jury followed the correct ones. (<u>Francis v. Franklin</u>, <u>supra</u>, 471 U.S., at p. 322; <u>Milanovich v. United States</u> (1961) 365 U.S. 551, 554-555.) Reversal is required under any standard in any event.

II.

## PETITIONER'S SIXTH AMENDMENT RIGHT UNDER CUNNINGHAM AND BLAKELY WERE VIOLATED

In <u>Black II</u> (41 Cal.4th 799) the California Supreme Court concluded, contrary to its first ruling on the matter (<u>People v. Black</u> (2005) 35 Cal.4th 1238 (<u>Black I</u>), that imposition of full consecutive terms without a specific finding of fact by the jury does not violated the Sixth Amendment. Petitioner submits the imposition of full consecutive terms under Counts 3-5 and 9-11 based on a <u>court</u> finding of opportunity to reflect (8 RT 1765) violated <u>Blakely's</u> and <u>Cunningham's</u> requirement that facts increasing the statutory maximum punishment must be admitted by the petitioner or found true by the jury. (<u>Blakely v. Washington</u> (2004) 542 U.S. 296; <u>Cunningham v. California</u> (2007) 549 U.S. ____, 127 s.Ct. 856.)

Petitioner recognizes such terms may be imposed as a matter of discretion. (Pen. Code §667, subd. (c).) Nonetheless, both rules of court and case law make a statement of reasons beyond the conviction itself <u>mandatory</u> to impose them. (Cal. Rules of Court, rule 4.426; <u>People v. Belmontes</u> (1983) 34 Cal.3d 335, 349.) The fact these requirements are not set forth in statutes is not controlling; the fact that they are mandatory is.

14.

In Black I the California Supreme Court stated, in dicta, that if the Blakely rule applied to California's three-tiered sentencing scheme then it must also apply to the State's consecutive sentencing based on court findings independent of either a finding by the jury or an admission by the defendant. However, when the high court reversed Black I the California Supreme Court contradicted itself by finding consecutive sentencing does not implicate the Sixth Amendment's right to trial by jury. (Black II.) That finding is in error.

Reversal is required here under any prejudice standard, especially the federal standard. (Neder v. United States (1999) 527 U.S. 1, 19.)

### III.

### SENTENCE ON COUNTS 2-5 AND 9-11 VIOLATES DUE PROCESS

An enhanced or augmented sentence cannot be imposed without proof of each fact it requires. A conviction or increased sentence unsupported by substantial evidence beyond a reasonable doubt denies petitioner due process of law. (Jackson v. Virginia (1979) 443 U.S. 307, 318; Blakely v. Washington, supra, 124 S.Ct., at pp. 2536-2543; U.S. Const. amends. V, XIV.) Contrary to the conclusion of the court of Appeal (App. A, pp. 27-28), the fairly brief testimony describing the second incident (Count 2-5) and the final incident (Counts 9-11) does not fairly reflect any significant breaks in conduct between offenses affording petitioner an opportunity to reflect on either occasion. The

15.

error in determining these terms were mandatory likewise denied petitioner his due process liberty interest in an exercise of discretion whether to impose them. (<u>Hicks v. Oklahoma</u> (1980) 447 U.S. 343, 346; U.S. Const., amends. V, XIV.)

## IV.

### FAILURE TO EXERCISE DISCRETION VIOLATES DUE PROCESS

Petitioner submits the court's failure to exercise discretion to impose a concurrent term on the indeterminate (ISL) count (Count 10) deprived him of due process of law, fundamental fairness in state sentencing, and his due process liberty interest in an exercise of discretion whether to impose concurrent terms. (<u>Hicks v. Oklahoma</u>, <u>supra</u>, 447 U.S., at p. 346; U.S. Const., amends. V, XIV.)

Contrary to the conclusion of the Court of Appeal (App. A, p. 29), defense counsel's passing <u>suggestion</u> the court might impose a concurrent term here is outweighed by numerous other indications in this record the court believed it could <u>not</u> even do so. (2 CT 437, fn. 1, 478.) These errors were never corrected and, as noted, the court made the section 667.6 opportunity to reflect finding as to <u>all</u> counts, thus indicating it applied that section to the ISL count as well. Contrary to all appearances from this record, no law mandated that the ISL term here be run consecutively. In any case in which the defendant "is convicted of two or more crimes," section 669 authorizes the court to impose concurrent or consecutive terms, whether determinate or indeterminate. (Pen. Code, §669.)

16.

Section 667.6, subdivision (d), did not mandate a consecutive ISL term here either. First, as explained, the court's finding of opportunity to reflect on this count (the oral copulation in the final incident) was erroneous. Second, section 667.6 (Pen. Code, §667.6, subds. (c)-(d)) does not even list this already-aggravated offense (Pen. Code §269). Section 667.6 cannot be construed to include an offense not enumerated in it. Third, section 667.6 cannot be construed to apply to any life terms; the entire purpose of section 667.6 is to permit full consecutive terms, a consideration which does not even apply to life terms which are not subject to one-third the mid-term limitations. (Pen. Code, §1170.1).

Because the record affirmatively demonstrates the trial court misunderstood the scope of its sentencing discretion, the cause must be remanded for an exercise of informed discretion on the issue of whether to impose a consecutive or concurrent term on the ISL count.

## V.

## CONCLUSION

The cumulative effect of errs may operate to deprive a petitioner of due process and a fair trial, requiring reversal irrespective of any lack of objections on the part of a petitioner. (See Taylor v. Kentucky (1978) 436 U.S. 478, 486-490; Darden v. McNeel (5th Cir. 1992) 978 F.2d 1453, 1456.) In the

present case, the cumulative effect of the errors discussed above deprived petitioner of a fair trial, requiring reversal of the judgment or, at a minimum, the counts not conceded by the defense must be reversed.

For all of the foregoing reasons, petitioner respectfully requests that the Court grant the petition for writ of habeas corpus and reverse the judgment.

Date: 3 — 5 - 08

Respectfully submitted,

RAPHAEL BARRETO
PETITIONER IN PRO PER

18.

## PROOF OF SERVICE BY MAIL

(C.C.P. §§1013a; 2015.5)

I am over the age of 18 years, residing in the County of Amador, and not a party to the within cause of action.    My address is C-35239/11-240 P.O. Box 409060 Ione, California 95640.

On April 11, 2008, I served the within:

PETITION FOR WRIT OF HABEAS COPRUS

on the interested parties in said action, by placing a true copy thereof enclosed in a sealed envelope, with postage thereon fully prepaid, in the hands of correctional personnel, pursuant to the Prison Legal Mail Procedure of the California Department of Corrections, for deposit in the United States Mail at Mule Creek State Prison in Ione, California, addressed as follows:

Jerry Brown, Attorney General
State of California
455 Golden Gate Avenue, Suite 11000
San Francisco, CA
94102-3664

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed this 11th day of April 2008 at Ione, California.

WILLIAM M. ALLEN, Declarant

Rafael Barreto
V-95693/11-123
P.O. Box 409060
Ione, CA
95640

LEGAL MAIL

Clerk Of the Court
United States District Court
Northern District of California
450 Golden Gate Avenue
Box 36060
San Francisco, CA
94102

Pro Se

RECEIVED

APR 15 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA



