UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAPHAEL BARRETO, | No. C 08-2008 MHP (pr) |
| Petitioner, | **ORDER TO SHOW CAUSE** |
| v. | |
| M. MARTEL, Warden (A), | |
| Respondent. | |

## INTRODUCTION

Raphael Barreto, currently incarcerated at Mule Creek State Prison, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. His petition is now before the court for review pursuant to 28 U.S.C. §2243 and Rule 4 of the Rules Governing Section 2254 Cases. His in forma pauperis application also is before the court for consideration.

## BACKGROUND

According to the habeas petition, Barreto was convicted in Santa Cruz County Superior Court of numerous sex offenses, see Cal. Penal Code §§ 288(a), 288(b), and 269(a)(4). On September 21, 2005, he was sentenced to 44 years plus 15 years to life in prison.

Barreto appealed. His conviction was affirmed by the California Court of Appeal. His petition for review was initially granted and then was dismissed by the California Supreme Court. He then filed this action.

**DISCUSSION**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. See Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990).

The petition alleges the following claims: (1) Barreto's rights to due process and equal protection were violated by the admission of uncharged acts evidence under California Evidence Code § 1108, which is unconstitutional on its face and as applied to him; (2) his confession was involuntary and the product of a violation of his Miranda rights; (3) his rights to due process and notice of the charges were violated by the failure to give fair notice on counts 8 and 9 against him in that the trial court erred in permitting the pretrial amendment of count 9 and overruled objections to the use of new generic testimony on the count 8 offense; (4) his right to due process was violated by the jury instructions on propensity (i.e., CALJIC 2.50.01, 2.50.1, and 2.50.2) which lowered the prosecution's burden of proof; (5) his right to due process was violated by the failure to give any unanimity jury instruction; (6) his right to due process was violated by the CALJIC 2.21.2 jury instruction because it reduced the prosecution's burden of proof; (7) his rights under the Sixth Amendment (see Cunningham v. California, 549 U.S. 270 (2007), and Blakely v. Washington, 542 U.S. 296 (2004)), were violated by the imposition of the full consecutive terms on certain counts based on a finding made by the court rather than the jury; (8) the determination that the sentences on counts 2-5 and 9-11 were mandatory violated his right to due process; (9) the trial court's failure to impose a concurrent term on count 10 violated his right to due process; and (10) cumulative error. Liberally construed, the allegations are cognizable in a federal habeas action and

warrant a response.

In claim (3), Barreto also contends that his right to effective assistance of counsel was violated by the failure to give fair notice on counts 8 and 9 against him in that the trial court erred in permitting the pretrial amendment of count 9 and overruled objections to the use of new generic testimony given on the count 8 offense. Petition attach., p. 8. Even with liberal construction of the petition, no ineffective assistance of counsel claim is suggested by the statements in Barreto's petition. Accordingly, the ineffective assistance of counsel claim is dismissed. If Barreto wants to pursue this ineffective assistance of counsel claim, he must file an amendment explaining the facts that show the constitutional violation within thirty days of the date of this order.

## CONCLUSION

For the foregoing reasons,

1. The petition states cognizable claims for habeas relief and warrants a response.

2. The clerk shall serve by certified mail a copy of this order, the petition and all attachments thereto upon respondent and respondent's attorney, the Attorney General of the State of California.

3. Respondent must file and serve upon petitioner, on or before **November 20, 2008**, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent must file with the answer a copy of all portions of the state court record that have been previously transcribed and that are relevant to a determination of the issues presented by the petition.

4. If petitioner wishes to respond to the answer, he must do so by filing a traverse with the court and serving it on respondent on or before **January 2, 2009**. His traverse may not exceed 25 pages in length.

5. Petitioner is responsible for prosecuting this case. He must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

1       6.     Petitioner's <u>in forma pauperis</u> application is DENIED as unnecessary because he has the funds to pay the filing fee.  (Docket # 2.)  Petitioner must pay the **$5.00** filing fee no later than **October 31, 2008**

      IT IS SO ORDERED.

DATED:   September 24, 2008

                              Marilyn Hall Patel
                              United States District Judge